UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL R. JAFFE,

                Plaintiff,

-against-

JANET YELLEN,

                Defendant.

24-CV-8890 (LTS)

ORDER OF DISMISSAL AND
TO SHOW CAUSE UNDER
28 U.S.C. § 1651

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff filed this action *pro se*. By order dated November 26, 2024, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

Plaintiff, a resident of Tarrytown, New York, filed this complaint against United States Treasury Secretary Janet Yellen, regarding events alleged to have occurred in 2013 New York City and in Washington D.C. Plaintiff asserts the following:

> I am familiar with Secret Service Police from White House tours. I called the Secret Service Police at Seven World Trade Center and had them clean out the NYSE including Apple and Amazon. Trillions of dollars of revenue was generated from Michelle Duffy, University of Florida Secretary, recording conversation. She entered Gainsville FBI to have me recorded. Kris, U.S. Supreme Court Clerk confirming that I was recorded and has collected $1.2 trillion dollars personally. Janet Yellen kept $7 trillion dollars personally that I requested be put in to the Federal Reserve. Kris collected $200 million from Janet Yellen and donated to Save the Children on my request.

(*Id.* ¶ III.)

Plaintiff wants this Court to "remove 7 trillion dollars from Janet Yellen and give to [him] or, alternatively, to reduce federal deficit." (*Id* ¶ IV.)

## DISCUSSION

Under the IFP statute, a court must dismiss a case if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). A claim is "frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston*, 141 F.3d at 437 (internal quotation marks and citation omitted). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (affirming dismissal of allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks as frivolous and baseless).

The Court, after reviewing Plaintiff's complaint, finds that it lacks any arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff's complaint recounts random events alleged to have occurred in 2013. His allegations, and the relief he seeks, are irrational, and there is no apparent legal theory on which he may rely. *See Livingston*, 141 F.3d at 437. Plaintiff's complaint must therefore be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). In deference to Plaintiff's *pro se* status, the Court would normally direct Plaintiff to amend his complaint, but the Court finds that the complaint cannot be cured with an

amendment. Where an amendment would be futile, leave to amend is not required. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (court may dismiss complaint *sua sponte* and without providing leave to amend "where the substance of the claim pleaded is frivolous on its face").

## ORDER TO SHOW CAUSE

Plaintiff has already filed a number of actions in this Circuit that were dismissed *sua sponte* as frivolous. *See Jaffe v. James*, No. 20-CV-2142 (CM) (S.D.N.Y. Mar. 11, 2020), No. 20-1176 (2d Cir. Nov. 4, 2020) (dismissing appeal as "lack[ing] an arguable basis either in law or in fact."); *Jaffe v. DeBlasio*, No. 19-CV-8525 (CM) (S.D.N.Y. Sept. 16, 2019); *Jaffe v. Murphy*, No. 18-CV-01011 (E.D.N.Y. May 6, 2018); *see also Jaffe v. TSI-NY*, No. 16-CV-2314-WFK-LB (E.D.N.Y. May 13, 2016) (dismissing complaint for failure to comply with federal pleading rules). The Court has previously warned Plaintiff that further vexatious or frivolous litigation in this Court would result in a prefiling injunction under *See* 28 U.S.C. § 1651. *See Jaffe*, No. 20-CV-2142, ECF 4 at 3.

In light of this litigation history, this Court finds that Plaintiff was or should have been aware that this complaint lacked merit when he filed it. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). The Court cannot tolerate the abuse of its limited resources. Plaintiff is ordered to show cause why he should not be barred from filing any further actions in this court IFP without first obtaining permission from the court to file his complaint. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard.").

Within thirty days of the date of this order, Plaintiff must submit to the court a declaration setting forth good cause why an injunction should not be imposed upon him. If Plaintiff fails to submit a declaration within the time directed, or if Plaintiff's declaration does not set forth good cause why this injunction should not be entered, he will be barred from filing any further actions IFP in this court unless he first obtains permission from this court to do so.

## CONCLUSION

The complaint, filed IFP under 28 U.S.C. § 1915(a), is dismissed as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Plaintiff shall have 30 days to show cause by declaration why an order should not be entered barring Plaintiff from filing any future action IFP in this Court without prior permission. A declaration form is attached to this order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk is directed to keep this matter open on the docket until a civil judgment is filed.

SO ORDERED.

Dated:  January 13 2025
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

Write the first and last name of each defendant or respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ , declare under penalty of perjury that the following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

| Executed on (date) | Signature |
|---|---|
| Name | Prison Identification # (if incarcerated) |
| Address | City | State | Zip Code |
| Telephone Number (if available) | E-mail Address (if available) |

Page 2